UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>   Plaintiff,<br><br> v.<br><br>AMT TECH, INC.,<br><br>   Defendant. | Case No. 21-cv-03045-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

  The motion to dismiss filed by defendant AMT Tech, Inc., Dkt. No. 15, is suitable for decision without oral argument pursuant to Civil L.R. 7-1(b). The hearing set for August 19, 2021, is vacated, and the request to dismiss plaintiff Whitaker's Americans with Disabilities Act (ADA) claim is denied.

  AMT's main argument is that *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021), a case brought by the same plaintiff here, bars the ADA claim. In *Whitaker*, the circuit panel affirmed a dismissal of Whitaker's claims because the complaint alleged only that Tesla "failed to provide accessible service counters," without stating whether the counters were too low, too high, or inaccessible for a different reason. *Id.* at 1177. The panel concluded that, "[w]ithout this sort of factual detail," Tesla was "left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises." *Id.*

  Whitaker's complaint here, Dkt. No. 1, does not suffer from the same paucity of facts. He alleges that AMT's restaurant was not accessible due to a "lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users." Dkt. No. 1 ¶ 12. This is enough to put AMT on notice and to state a plausible claim for relief under the ADA.

  AMT also says that an online pamphlet for small businesses prepared by the Small

Business Administration indicates that certain ADA regulations apply only to fixed or built in elements of buildings and structures. *See* Dkt. No. 15 at 4 and Exs. B, C. AMT suggests that the ADA claim should be dismissed because the complaint did not state whether the table was fixed or not. Dkt. No. 15 at 5.

The point is not well taken. To start, the sufficiency of a complaint for Rule 12(b)(6) purposes is determined in the first instance within the four corners of the complaint. *See Meek v. SkyWest, Inc.*, No. 17-CV-01012-JD, 2019 WL 6841367, at *3 (N.D. Cal. Dec. 16, 2019). AMT's request for judicial notice of the online pamphlet, Dkt. No. 15 at 4, is denied. But even if the Court were to consider the pamphlet, AMT's reliance on it is misplaced. It is true that the ADA regulations provide specifications for knee and toe clearance for "fixed or built in seating or tables," 28 C.F.R. 36.406(b); 36 C.F.R., Part 1191, Appendix D, § 226.1. However, the better reading of this provision is that fixed or built in elements (like a counter or booth) must comply with those specifications, not that the ADA in general applies only to fixed or built in architectural elements, as AMT would have it. The regulations do not vitiate the broader duty imposed on public accommodations to "take reasonable steps to provide disabled guests with a like experience." *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012); *see also Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1085 (9th Cir. 2004).

The parties are directed to file by September 7, 2021 a joint proposed case scheduling order for the Court to consider

**IT IS SO ORDERED.**

Dated: August 16, 2021

JAMES DONATO
United States District Judge